1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

8

FOR THE EASTERN DISTRICT OF CALIFORNIA

9
10

| | |
|---|---|
| SIVA D. BLACK, | No.  2:24-cv-0811 DB P |
| Plaintiff, | |
| v. | ORDER AND |
| UNITED STATES, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

Plaintiff Siva D. Black proceeds without counsel and seeks federal intervention into state proceedings and a range of injunctive relief. This matter was referred to the undersigned by Local Rule 302. See 28 U.S.C. § 636(b)(1). Plaintiff's complaint is before the court for screening. (ECF No. 1.) The complaint's allegations do not state a claim. Because it clearly appears leave to amend would be futile, the complaint should be dismissed without leave to amend. Plaintiff's motion for an immediate temporary injunction should be denied.

**I.      In Forma Pauperis**

Plaintiff seeks to proceed in forma pauperis. (ECF Nos. 2, 8.) However, the certificate portion of the request which must be completed by plaintiff's institution of incarceration has not been filled out. Also, plaintiff has not filed a certified copy of the inmate trust account statement for the six-month period immediately preceding the filing of the complaint. Plaintiff's incomplete applications to proceed in forma pauperis are denied. Because the action is frivolous and without

1

1    merit, plaintiff need not renew the application. See Tripati v. First Nat'l Bank & Tr., 821 F.2d

2    1368, 1370 (9th Cir. 1987) "A district court may deny leave to proceed in forma pauperis at the

3    outset if it appears from the face of the proposed complaint that the action is frivolous or without

4    merit.").

5        **II.    Screening Requirement**

6        Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis

7    proceeding, and mut order dismissal of the case if it is "frivolous or malicious," "fails to state a

8    claim on which relief may be granted," or "seeks monetary relief against a defendant who is

9    immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27

10   (2000). A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

11   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

12   Cir. 1984). The court may dismiss a claim as frivolous if it is based on an indisputably meritless

13   legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

14       Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a short and plain statement

15   of the claim that shows the pleader is entitled to relief. Bell Atlantic Corp. v. Twombly, 550 U.S.

16   544, 555 (2007). In order to state a cognizable claim, a complaint must contain more than "a

17   formulaic recitation of the elements of a cause of action;" it must contain factual allegations

18   sufficient "to raise a right to relief above the speculative level." Id., 550 U.S. at 555. The facts

19   alleged must "'give the defendant fair notice of what the... claim is and the grounds upon which it

20   rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Twombly, 550 U.S. at 555). In

21   reviewing a complaint under this standard, the court accepts as true the non-conclusory

22   allegations of the complaint and construes the pleading in the light most favorable to the plaintiff.

23   See id.; Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

24       **III.   Plaintiff's Allegations**

25       Plaintiff's complaint asks the court to intervene in active state criminal proceedings. (ECF

26   No. 1 at 1, 3.) Plaintiff was arrested on February 7, 2024, and alleges he is incarcerated inside of a

27   slavery-ring at Siskiyou County Jail where he is being held and prosecuted without rights. (Id. at

28   2.) Plaintiff makes a variety of allegations involving the "Project Stargate," MKULTRA, the

Central Intelligence Agency, the Santo Daime church, the Federal Bureau of Investigations, the Internal Revenue Service, the County of Siskiyou, including the sheriff's office and public defender's office, and the Mt. Shasta and Weed police. (Id. at 3.) Plaintiff alleges he has been arrested for his religious belief and denied review in every court. (Id. at 6.)

Plaintiff describes a practice of "gnosticism hanged man" with plaintiff as its principle-targeted victim, and violation of the Establishment Clause. (ECF No. 1 at 7.) Plaintiff alleges Catholic Diocese/Freemasons are invading the "ayajuasca vine cult religion" through "puppet-enforced church leaders…" and the district court in Medford did not allow plaintiff to sue in a law-enforcement capacity to recover his church's embezzled resources. (Id.) Plaintiff alleges he was arrested in bad faith and in violation of his constitutional rights and federal law. (Id.) Plaintiff also references a human-trafficking ring enforcing Catholics to "keep a monopoly and licensing system to purvey a different religion, Ayajuasca, at nearly a hundred percent pure profit…" (Id. at 8.)

The relief requested ranges from intervention into pending state proceedings and enjoining various prosecutions to declaratory and injunctive relief requiring various federal agencies to take or not take various actions and to provide a variety of information to plaintiff. (ECF No. 1 at 3-5.) Plaintiff also seeks to invalidate several state laws and enjoin enforcement of United States Supreme Court precedent. (Id. at 5.)

### IV.   Discussion

Plaintiff's complaint borders on incomprehensible. At no point does plaintiff present a cogent, non-frivolous claim. To the extent the court can follow the allegations, they lack the context and grounding in reality that would be necessary for them to proceed.

In addition, to the extent plaintiff seeks an order enjoining state proceedings against him, this court must abstain. See Younger v. Harris, 401 U.S. 37 (1971). The four requirements for abstention under Younger are as follows: "(1) there is an 'ongoing state judicial proceeding'; (2) the proceeding 'implicate[s] important state interests'; (3) there is 'an adequate opportunity in the state proceedings to raise constitutional challenges'; and (4) the requested relief 'seek[s] to enjoin' or has 'the practical effect of enjoining' the ongoing state judicial proceeding[.]" Arevalo

1    v. Hennessy, 882 F.3d 763, 765 (9th Cir. 2018).

2           Here, the complaint itself indicates there is an ongoing state proceeding. State criminal

3    proceedings implicate important state interests. Plaintiff has not advanced a plausible argument

4    that his claims could not be raised in his state proceedings. His claims appear to attack the

5    legitimacy of the proceedings against him, and granting his petition would likely have the

6    practical effect of enjoining them.

7           This is not the first suit plaintiff has initiated in this court alleging alliance between

8    various government and other actors to block the practice of the Santo Daime religion. See Black

9    v. Att'y Gen. of California, No. 2:21-CV-01094-TLN-JDP-PC, 2022 WL 932961, at *1 (E.D.

10   Cal. Mar. 29, 2022) (recommending dismissal with prejudice after allowing three opportunities to

11   amend), report and recommendation adopted, No. 2:21-CV-01094-TLN-JDP, 2022 WL 1813686

12   (E.D. Cal. June 2, 2022), reconsideration denied, No. 2:21-CV-01094-TLN-JDP, 2022 WL

13   2672302 (E.D. Cal. July 11, 2022). Like each complaint in the case cited above, plaintiff's current

14   complaint does not present a cogent, non-frivolous claim. In light of the nature of the deficiencies

15   in the allegations and plaintiff's three prior opportunities to amend in Black v. Att'y Gen. of

16   California, No. 2:21-CV-01094, it clearly appears granting leave to amend would be futile. The

17   present complaint should be dismissed without leave to amend. See Cato v. United States, 70 F.3d

18   1103, 1105-06 (9th Cir. 1995); Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en

19   banc).

20          Plaintiff's ex parte motion for an immediate temporary injunction is also before the court.

21   (ECF No. 11.) Plaintiff seeks a temporary injunction "which immediate freezes/or enjoins the

22   Siskiyou County State case, People of Cal. v. Black, Nos. 23 CF13410 and 24CF01300," and

23   which enjoins any government or government actor from ever undertaking to hold, detain, or

24   imprison plaintiff. (Id. at 1.) This request for preliminary injunctive relief should be denied. Since

25   plaintiff has not stated a cognizable claim, plaintiff cannot show a likelihood of success on the

26   merits as is necessary for preliminary injunctive relief to issue. See Stormans, Inc. v. Selecky, 586

27   F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, 555 U.S. 7, 20

28   (2008)).

4

Plaintiff also filed a motion for an order for "Christian Pastor" John Goldman to repay $3900 "stolen by means of charity-fraud" (ECF No. 3), a motion to enjoin and dismiss state proceedings (ECF No. 5), a motion to replace the public defender with "conflict counsel" in plaintiff's state court case (ECF No. 6), and a motion for an order directing Siskiyou County Jail to properly deliver mail (ECF No. 10). These motions do not properly seek relief under the Federal Rules of Civil Procedure, the court's local rules, or other authorities. In light of the recommendation that the complaint be dismissed without leave to amend, these pending motions are denied without prejudice.

Finally, plaintiff also requested appointment of counsel. (ECF No. 2.) District courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate plaintiff's likelihood of success on the merits plaintiff's ability to articulate claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. In the present case, the court does not find the required exceptional circumstances.

**V.    Order and Recommendation**

In accordance with the above, IT IS ORDERED as follows:

1.  The Clerk of the Court shall assign a district judge to this case.

2.  Plaintiff's motions to proceed in forma pauperis (ECF Nos. 2, 8) are DENIED as incomplete.

////

///

3.   Plaintiff's motion for order of repayment (ECF No. 3), motion to enjoin and dismiss (ECF No. 5), motion to replace counsel (ECF No. 6), and motion for order for mail delivery (ECF No. 10) are DENIED.

In addition, IT IS RECOMMENDED as follows:

1. The complaint be dismissed with prejudice and without leave to amend for failure to state a claim.

2.  Plaintiff's motion for an immediate temporary injunction (ECF No. 11) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 21 days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judges Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  May 14, 2024

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB7
blac0811.scrn.mpi.fr

6